IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TYLER WILLIS CLARK;** | ) |
| | ) |
|     **Plaintiff;** | ) |
| | )    CV-_____ |
| **vs.** | ) |
| | ) |
| | ) |
| **STONES RIVER ELECTRIC; TLC** | ) |
| **INVESTMENTS, LLC AND CHARLES** | ) |
| **JACOB BRADY;** | ) |
| | ) |
|     **Defendants.** | ) |

**COMPLAINT**

**VENUE AND JURISDICTION**

1. Plaintiff, TYLER WILLIS CLARK (hereafter as "Plaintiff" or "Clark"), is over the age of nineteen (19) years, and resides in Jefferson County, Alabama.

2. Defendant STONES RIVER ELECTRIC (hereafter "Stones River") is a privately held company upon information and belief based in Madison, Tennessee.

3. Defendant TLC Investments, LLC (hereafter "TLC") is a corporation based in Madison, Tennessee that does business as Stones River Electric.

4. Defendant CHARLES JACOB BRADY (hereafter "Brady") is an individual, who upon information and belief is an adult over the age of nineteen (19) that is a resident of Manchester, Tennessee.

5. Hereafter, the term "Defendants" refers to all named Defendants.

6. This case involves diversity of citizenship and involves an amount in controversy that exceeds the statutory limits identified in 28 U.S.C. Sec. 1332.

## STATEMENT OF FACTS

7. On or about September 28, 2021, at approximately 10:26 am in Bessemer Alabama, Clark was driving his 2002 Toyota Tacoma in bumper-to-bumper stop and go traffic on I20/59 Northbound. The Clark vehicle was going less than 10 miles per hour in said traffic.

8. At that same time, a 2015 GMC Savana driven by Brady and owned and operated by Stones River and/or TLC was operating at an excessive rate of speed in the I20/59 Southbound lane.

9. Brady was impaired by drugs and/or alcohol while on duty with Stones River and/or TLC operating their commercial vehicle and did lose control of the vehicle, cross the center median, cut through a steel wire barrier, and strike the Clark vehicle head-on.



10. At the time of impact, the Stones River commercial vehicle was doing roughly 81 MPH.

11. Upon information and belief, TLC owned the subject commercial vehicle and operated as Stones River Electric. It is believed that TLC and Stones River operates a fleet of 180 commercial vehicles under the US DOT # 1903331.

12. As a result of the accident, Clark received life-changing and permanent injuries including catastrophic lower leg injuries and medical bills and liens that exceed Seven Hundred Thirty Five Thousand Dollars ($735,000.00).

## COUNT I
## (NEGLIGENCE/WANTONNESS)

13. Plaintiff adopts and incorporates by reference all allegations of the preceding paragraphs herein.

14. At the aforesaid time and place, and for some time prior thereto, Defendant Brady was operating a commercial vehicle in the line and scope of his employment with Stones River and/or TLC, and did operate such vehicle in violation of the law, in violation of the Alabama Rules of the Road and Alabama regulations, and below the applicable standard of care required of a commercial driver on an Interstate. Namely, Defendant Brady was negligent/wanton in the following conduct:

   a. Was operating a vehicle in excess of Interstate speed limits and Alabama law;

   b. Was operating a vehicle and did fail to maintain his Interstate lane;

   c. Was operating a vehicle and did lose control as he was impaired and distracted;

   d. Was operating a vehicle beyond properly accepted hours of service;

   e. Was operating a vehicle after providing false or doctored urine alcohol and drug screening to his employer;

   f. Violated the Alabama Rules of the Road, other State laws and Federal regulations; and

   g. Allowed the commercial vehicle to cause the subject injury.

15. At the aforesaid time and place, and for some time prior thereto, Defendants Stones River and/or TLC, were negligent/wanton in their own right as follows:

    a. Were operating a commercial vehicle without proper maintenance, service and parts;

    b. Were operating a vehicle after allowing its employee to provide false or doctored urine alcohol and drug screening information; and

    c. Were operating a vehicle in violation of Federal hours of service requirements.

16. Said conduct by Defendants was the proximate cause of Plaintiff's permanent injuries.

WHEREFORE, Plaintiff demands judgment against all defendants jointly and severally, including fictitious party defendants, in a sum of compensatory and punitive damages in excess of the jurisdictional limits of this Court which will fairly and adequately compensate Plaintiff for the above described conduct, damages and injuries, together with interest from the date of the incident and the costs of the proceeding.

## COUNT II
### (NEGLIGENT/WANTON ENTRUSTMENT)

17. Plaintiff adopts and incorporates by reference all allegations of the preceding paragraphs herein.

18. Defendants Stone River and/or TLC negligently and/or wantonly entrusted or loaned the operation of its commercial vehicle to Defendant Brady, after having notice that such driver was incompetent and/or incapable to operate the vehicle safely and consistent with the laws of this State or Federal regulations.

19. Such conduct was the proximate cause of Plaintiff's permanent injuries.

WHEREFORE, Plaintiff demands judgment against all defendants jointly and severally, including fictitious party defendants, in a sum of compensatory and punitive damages in excess of the jurisdictional limits of this Court which will fairly and adequately compensate Plaintiff for the above described conduct, damages and injuries, together with interest from the date of the incident and the costs of the proceeding.

## COUNT III
## (NEGLIGENT/WANTON HIRING, TRAINING AND SUPERVISION)

20. Plaintiff adopts and incorporates by reference all allegations of the preceding paragraphs herein.

21. Defendants Stones River and/or TLC negligently and/or wantonly failed to properly hire, supervise and/or train Defendant Brady on proper operation of a commercial vehicle, and in following applicable State and Federal laws and regulations.

22. Defendants Stones River and/or TLC negligently and/or wantonly failed to properly interview, screen, hire or retain drivers that understood or followed the applicable Federal and State regulations and laws, or the Alabama Rules of the Road, applicable to the operation of a commercial vehicle.

23. Such conduct was a proximate cause of Plaintiff's permanent injuries.

WHEREFORE, Plaintiff demands judgment against all defendants jointly and severally, including fictitious party defendants, in a sum of compensatory and punitive damages in excess of the jurisdictional limits of this Court which will fairly and adequately compensate Plaintiff for the above described conduct, damages and injuries, together with interest from the date of the incident and the costs of the proceeding.

## COUNT IV
## (VICARIOUS LIABILITY)

24. Plaintiff adopts and incorporates by reference all allegations of the preceding paragraphs herein.

25. Defendants Stones River and/or TLC served as the employer and/or master of Defendant Brady.

26. Defendant Brady was in the line and scope of employment with Stones River and/or TLC on September 28, 2021 at or around 10:26 am during the time of the subject accident in Bessemer, Alabama on I20/59. Defendant Brady was acting for the benefit of, on behalf of, and at the direction and control of, Defendants Stones River and/or TLC at the time of the accident made the basis of this lawsuit.

27. Defendants Stones River and/or TLC are vicariously liable for the acts of Defendant Brady at the time of the accident made the basis of this lawsuit.

WHEREFORE, Plaintiff demands judgment against all defendants jointly and severally, including fictitious party defendants, in a sum of compensatory and punitive damages in excess of the jurisdictional limits of this Court which will fairly and adequately compensate Plaintiff for the above described conduct, damages and injuries, together with interest from the date of the incident and the costs of the proceeding.

*/s/ Josh J. Wright*
JOSH J. WRIGHT, ESQ. (WRI045)

**OF COUNSEL:**
HOLLIS, WRIGHT, CLAY & VAIL, P.C.
2201 Morris Avenue
Birmingham, AL 35203
(205) 324-3600
(205) 324-3636 Facsimile
**joshw@hollis-wright.com**

## JURY DEMAND

Plaintiff requests a trial by struck jury on all issues and counts allowable by law in this case.

>                              */s/ Josh J. Wright*
>                              OF COUNSEL

**PLEASE SERVE THE FOLLOWING DEFENDANTS VIA CERTIFIED MAIL TO THE FOLLOWING ADDRESSES <u>WITHOUT DISCOVERY</u>:**

**STONES RIVER ELECTRIC**
**1244 Gallatin Pike South**
**Madison, TN 37115**

**TLC INVESTMENTS, LLC**
**1244 Gallatin Pike South**
**Madison, TN 37115**

**CHARLES JACOB BRADY**
**224 Bryan Blvd**
**Manchester, TN 37355**

>                              */s/ Josh J. Wright*
>                              OF COUNSEL